UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS, a non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE, UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants. | No. 13-cv-01922-TLN-CMK<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants United States Forest Service and United States Fish and Wildlife Service's ("Defendants") Motion to Dismiss (ECF No. 15) Plaintiff Conservation Congress's ("Plaintiff") Complaint (ECF No. 1.) Plaintiff filed an opposition to Defendants' Motion to Dismiss (ECF No. 20.)  The Court has reviewed and considered the arguments raised in Defendants' Motion to Dismiss and reply, along with Plaintiff's opposition.  The Court hereby DENIES Defendants' Motion to Dismiss.

**I.     Factual Allegations**

The Bagley Fire was ignited in August 2012 on the Shasta Lake Ranger District and spread into the McCloud Ranger District of the Shasta-Trinity National Forest. (Complaint, ECF No. 1 at ¶ 16.)  The Bagley Fire burned over 46,000 acres of both private and public land

administered in Shasta County.  (ECF No. 1 at ¶ 17.)

The Bagley Hazard Tree Abatement Project ("Bagley timber sale") is located in the Shasta Lake and McCloud Ranger Districts on the Shasta-Trinity Forest.  (ECF No. 1 at ¶ 20.)  The purpose of the Bagley timber sale is to:

- Increase safe use of the National Forest Transportation System within the burned area;
- Retain open roads on the Forest transportation system that will be needed for future activities;
- Satisfy contractual and legal obligations [to] include cost-share agreements under the FRTA easements;
- Quickly recover the monetary value of wood through salvage and sale, where feasible and appropriate, to offset the cost to the public while reducing excessive fuel loading.

(ECF No. 1 at ¶ 21.)  The Bagley timber sale will log within designated northern spotted owl ("NSO") critical habitat.  (ECF No. 1 at ¶ 22.)  The NSO is listed as threatened under the Endangered Species Act.  (ECF No. 1 at ¶ 31.)  The Bagley timber sale contains nesting, roosting, and foraging habitat for the NSO.  (ECF No. 1 at ¶ 35.)  The Complaint claims that the burned habitat is beneficial to the NSO.  (ECF No. 1 at ¶ 35.)

On March 7, 2013, the scoping letter for the Bagley timber sale was published, followed by an additional scoping letter on March 8, 2013.  (ECF No. 1 at ¶ 37–38.)  On July 2, 2013, the Forest Service issued a Draft Environmental Assessment.  (ECF No. 1 at ¶ 40.)

On July 18, 2013, the Forest Service Chief granted an Emergency Situation Determination (ESD)[1], which allowed immediate implementation of the Bagley timber sale after publication of a legal notice of the Decision.  (ECF No. 1 at ¶ 41.)

On July 22, 2013, the Fish and Wildlife Service issued a Letter of Concurrence.  (ECF No. 1 at ¶ 42.)  The Forest Service then issued an Environmental Assessment and Decision Notice on

---

[1] An emergency situation is defined in the Code of Federal Regulations as: "A situation on National Forest System (NFS) lands for which immediate implementation of all or part of a decision is necessary for relief from hazards threatening human health and safety or natural resources on those NFS or adjacent lands; or that would result in substantial loss of economic value to the Federal Government if implementation of the decision were delayed." 36 C.F.R. Part 215.2.

2

August 29, 2013.  (ECF No. 1 at ¶ 43.)  Plaintiff did not appeal the project approval.  (ECF No. 15-1 at 1.)

## II.   Procedural Background

On September 16, 2013, Plaintiff filed the Complaint in the instant action.  (ECF No. 1.)  On January 9, 2014, Defendants filed a Motion to Dismiss.  (ECF No. 15.)  Plaintiff then filed an Opposition (ECF No. 20), and Defendants followed with a Reply.  (ECF No. 21.)

Plaintiff brings this suit against Defendants alleging violations of the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 *et seq.*, the National Forest Management Act (NFMA), 16 U.S.C. §§ 1601, *et seq.*, and the Endangered Species Act (ESA), 16 U.S.C. §§ 1531 *et seq*.

## III.   Standard of Law: Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

3

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### IV. Analysis

Defendants maintain that Plaintiff's claims are barred by its failure to exhaust administrative remedies by failing to appeal the challenged decision as required by 7 U.S.C. § 6912(e), 36 C.F.R. § 215.21, and other applicable statutes and regulations. (ECF No. 15-1.) Plaintiff argues that the issue of exhaustion is governed by the Supreme Court's decision in *Darby v. Cisneros*, 509 U.S. 137 (1993). In *Darby,* the Supreme Court held that "where the APA applies, an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when: [(1)] expressly required by statute or [(2)] when an agency rule requires appeal before review and the administrative action is made inoperative pending that review." *Darby v. Cisneros*, 509 U.S. at 154. This is an either/or rule: "exhaustion is required when there is either a stay of the challenged decision or where a statute requires appeal." (ECF No. 21.)

    a. *Darby* Test Part 1

The applicable statute herein, 7 U.S.C. § 6912(e), sets forth the requirement for exhaustion of administrative appeal procedures as follows:

> Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against-
> (1) the Secretary;
> (2) the Department; or
> (3) an agency, office, officer, or employee of the Department.

7 U.S.C. § 6912(e). Although 7 U.S.C. § 6912(e) does require a person to exhaust all

administrative appeal procedures, an Emergency Situation Determination modifies this requirement.  The Forest Service regulations in 36 C.F.R. Part 215 exempt certain projects from the appeal provisions.  *See, e.g.,* 36 C.F.R. §§ 215.10(a) (allowing Chief and Associate Chief of Forest Service to delegate the determination that an emergency situation exists to the Regional Foresters), 215.12(f) (excluding from appeal procedures "decisions and actions that have been categorically excluded from documentation in an EA or EIS"), and 215.20(b) ("Decisions of the Secretary of Agriculture or Under Secretary, Natural Resources and Environment are not subject to the notice, comment, and appeal procedures set forth in this part.")

      Defendant points to section 215.12 of the Forest Service's regulations which lists decisions that are not subject to appeal.  *See* 36 C.F.R. Part 215.12.  Although this section does not specifically name ESDs as exempt from the appeal requirement, it does excuse actions that have been excluded from documentation in an EA or EIS.  *See* 36 C.F.R. Part 215.12(f).  Section 215.10 explains that once an emergency situation is declared, implementation of the project may begin immediately following publication of a Decision Notice.  There is no mention of an EA or EIS documentation requirement.

      In the Reply in Support of Motion to Dismiss, Defendants cite to multiple cases which confirm that statutory exhaustion requirements are mandatory.  (ECF No. 21.)  None of the cited cases involve an Emergency Situation Determination and therefore do not address the specific matter at issue.[2]

      In the present case, the Forest Service granted an Emergency Situation Determination, and as a result, Plaintiff was not required to appeal.[3]  (ECF No. 1 at ¶ 41.)  As a result, logging could be implemented immediately, thus depriving Plaintiff the opportunity to appeal.  Since

---

[2] *See e.g.*, *Bastek v. Federal Crop Insurance Corp.*, 145 F.3d 90 (2d Cir. 1998); *Sims v. Apfel*, 530 U.S.103, 120 S.Ct. 2080 (2000); *Calhoun v. USDA Farm Serv. Agency*, 920 F. Supp. 696 (N.D. Miss. 1996); *Gleichman v. United States Dep't of Agric.*, 896 F.Supp. 44-46 (D. Me. 1995).

[3] The Court notes that another judge from the Eastern District Court, Judge Larry K. Karlton, has held that an Emergency Situation Determination "eliminates all administrative appeal rights the public might otherwise have." *Conservation Congress v. U.S. Forest Service*, No. Civ. S-13-0832 LKK/DAD, footnote 16 (*citing to Forest Service Employees for Environmental Ethics v. U.S. Forest Serv.*, 408 F.Supp.2d 916,9 (N.D. Cal. 2006).  Once an Emergency Situation Determination is made, implementation of the project can begin immediately, thus rendering the public unable to file an appeal before a project commences.

Defendants have not met their burden of proof by showing that an appeal was available to Plaintiff, the first part of the *Darby* test is not met.

  b. *Darby* Test Part 2

Under the second part of the *Darby* test, an appeal is a prerequisite when an agency rule requires appeal before review and the administrative action is made inoperative pending that review. Forest Service Decisionmaking and Appeals Reform Act ("ARA") provides for a right of appeal of a Forest Service decision, and for an automatic stay of Forest Service action during appeal. Pub.L. No. 102–381, Title III § 322, 106 Stat. 1419 (1992). However, where an emergency situation exists, there is no automatic stay:

> (e) STAY- Unless the Chief of the Forest Service determines that an emergency situation exists with respect to a decision of the Forest Service, implementation of the decision shall be stayed during the period beginning on the date of the decision
>  (1) for 45 days, if an appeal is not filed, or
>  (2) for an additional 15 days after the date of the disposition of an appeal under this section, if the agency action is deemed final under subsection (d)(4).

Pub.L. No. 102–381, Title III § 322, 106 Stat. 1419 (1992).

The administrative appeal procedures for Forest Service programs are governed by 36 C.F.R. Part 215, *Notice, Comment, and Appeal Procedures for National Forest System Projects and Activities*.[4] These regulations also speak to ESDs. When an emergency situation exists, implementation of the project can begin immediately after publication of the Decision Notice. *See* 36 C.F.R. Part 215.10(c). Therefore, the automatic stay normally applicable to such projects will not apply and the administrative action is not inoperative.

In the instant case, the Forest Service issued an Emergency Situation Determination which authorized the Bagley timber sale and logging to begin immediately after the Notice Decision was

---

[4] The Court notes that the U.S. Department of Agriculture repealed Part 215 of Title 36 of the Code of Federal Regulations, effective July 31, 2014. The Federal Register notice provides that the Forest Service must still conduct appeal review where "the legal notice of a decision memorandum was published in the newspaper of record on or prior to March 5, 2014." The legal notice of decision for this project was published on September 2, 2013. *See* Decl. of Karen L. Burmark (ECF No. 15-2 at ¶ 3). Therefore the 36 C.F.R. Part 215 appeal regulations were in effect at the time of the decision at issue here.

issued. Thus, there was no automatic stay for the purposes of the appeal and Defendants' argument that Plaintiff's claims are barred by its failure to exhaust administrative remedies by failing to appeal the challenged decision as required by 7 U.S.C. § 6912(e), 36 C.F.R. § 215.21, and other applicable statutes and regulations must fail.

## V.    CONCLUSION

For the reasons set forth above, Plaintiff's claims are not barred for a failure to exhaust administrative remedies. The Emergency Situation Determination allowed the logging project to be implemented immediately which deprived Plaintiff of the opportunity to appeal. As a result, Plaintiff did not fail to exhaust his administrative remedy by failing to appeal the decision. The Court hereby DENIES Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated:  November 18, 2014

Troy L. Nunley
United States District Judge